I concur fully in the main opinion, and I write specially only to express my view that much of the information contained in the affidavit excerpts quoted in Part III of the opinion would not be relevant to the analysis of whether this particular transaction had the requisite "substantial" effect on interstate commerce. For example, the statement in the affidavit provided by Fantasy's sales manager that it "purchases manufactured homes for resale from at least one foreign corporation that ships their products into Alabama from out-of-state locations" could have no relevance to the Thicklin transaction, because the mobile home Thicklin purchased never left Alabama at any point in time from its manufacture to its delivery to Thicklin. Likewise, the statement in that affidavit that Fantasy "frequently orders home decorations from a Georgia company to be shipped and delivered to [Fantasy's] location in Alabama" does not establish that any such home decorations were used in Thicklin's mobile home.
Our observation in Sisters of the Visitation v. Cochran Plastering Co., 775 So.2d 759, 767 (Ala. 2000), remains well taken: *Page 737 
 "[W]e should not hold that the proximity of this particular contract to contracts substantially affecting interstate commerce is determinative, lest we err by expanding the Commerce Clause to the point of `effectually obliterat[ing] the distinction between what is national and what is local.' [NLRB v.] Jones Laughlin Steel, 301 U.S. [1] at 37, 57 S.Ct. 615
[(1937)]."